W. T. RAWLEIGH COMPANY, APPELLANT, v. FRED BUNNING ET AL., APPELLEES.

FILED JANUARY 13, 1922. No. 21930.

1. **Guaranty:** CONSTRUCTION. The contract of a guarantor will be strictly construed, and will not be extended to cover any other subject or any other person.

2. **Principal and Agent:** CONTRACT: RATIFICATION: BURDEN OF PROOF. The burden of showing the ratification by a principal of an unauthorized act of his agent is upon the one alleging it.

APPEAL from the district court for Dundy county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*C. A. Ratcliffe* and *P. W. Scott,* for appellant.

*Lambe & Butler, Walter D. James* and *Hines & Hines, contra.*

Heard before MORRISSEY, C. J., ROSE and ALDRICH, JJ., HOBART and PAINE, District Judges.

PAINE, District Judge.

This is an action brought by appellant to recover damages upon a contract of guaranty signed by the three defendants as guarantors, binding themselves to pay any balance then due or to become due upon a contract to sell medicines and supplies. The jury returned a verdict for the defendants. Plaintiff appeals.

The question is: Did the defendants by signing the guaranty for Lee Huggans insure the medicine company against the acts of his father, Sanford E. Huggans, who

had signed his son's name and conducted the business in his own behalf?

Sanford E. Huggans, an elderly gentleman, residing in Benkelman, Nebraska, requested permission to run a medicine wagon for the plaintiff in Dundy county, which application was refused on account of his age. To circumvent their objection, he signed up a contract in the name of his son and presented the same to these defendants, who thereupon signed the same as guarantors. He testified: "I wrote and told him (my son) I wrote to the Rawleigh company for a contract to sell their goods 'and they have turned me down on account of my age,' and I said, 'Lee, can I take out a contract in your name?' and he said, 'maybe they would not take me,' and I wrote them and they said, 'let your boy take it out;' and that is all the contract we had, he never had nothing more to do with it."

Lee Huggans never saw the contract, never signed a paper or an order, and the father testified that it was his own business, and not that of his son. After canvassing for some years and ordering more than $2,000 worth of goods, an indebtedness of $500 resulted, for which suit was brought against the three guarantors. They testified that they had supposed that Lee Huggans had signed his name to the contract and would conduct the business.

This case was first tried in the district court in February, 1918, and the court discharged the jury and dismissed the petition. Appeal was taken to this court upon the question of the change of name of the plaintiff corporation. An opinion was entered, and may be found in 104 Neb. 179, which reviews at length the facts in the case, and the same will not be repeated here.

The case upon retrial in the district court was submitted to a jury and a verdict returned for the defendants.

The principal objection of appellant is made to that part of instruction No. 3 reading as follows: "On the part of the defendants it is contended that the contract

of guaranty which they executed was intended to cover only goods sold and delivered to the said Lee Huggans, and not to any other person; and, further, that the said Lee Huggans did not order or receive any goods from plaintiff at any time after the date of signing said contract of guaranty. The burden of proof is upon the defendants to establish all the material allegations of said defense by a preponderance of the evidence. If you believe from the evidence in this case that the said Lee Huggans neither ordered nor received any of the goods involved in this action and that the defendants herein had no knowledge at the time of entering into said contract that said business was being or was to be conducted by the said Sanford E. Huggans, father of the said Lee Huggans, and had no knowledge of any arrangements between said Lee Huggans and his father by which said business was to be conducted by said father, but entered into said contract of guaranty believing that said contract had been personally executed by the said Lee Huggans and that said business was to be conducted by the said Lee Huggans, and that the defendants did not consent to or acquiesce in the conduct of said business by the said Sanford E. Huggans, then your verdict should be for the defendants."

This instruction states the law, for by the contract of suretyship is meant that the obligation of a surety must not be extended to any other subject or to any other person. 21 R. C. L. 975, sec. 28; *Curtin v. Atkinson,* 36 Neb. 110.

It is contended also that the father was simply the agent of the son, and that therefore the sureties were bound by the acts of such agent.

The extent of a surety's liability is strictly limited to that assumed by the terms of his contract. For instance, if responsible for one person only, he cannot be held for a default of a firm of which such person is a member. 32 Cyc. 109.

The burden of showing that Lee Huggans ratified the

acts of his father was upon the appellant. This would have required evidence showing that the son adopted the acts of his father with full knowledge of what had been done in his name and on his behalf. It would not suffice to show that the principal omitted to make inquiries or might have learned the facts by diligence. 2 C. J. 928, sec. 675.

The question of agency was fairly submitted to the jury, which found that Lee Huggans had never authorized his father to act as his agent.

The evidence sustains the verdict of the jury, and no errors of law are found in the instructions. Judgment of the district court is therefore

AFFIRMED.